DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that terminated the parental rights of appellants Melinda F. and Ronald H., Sr. and awarded permanent custody of their children Ronald H., Jr. and Racaris H. to Lucas County Children Services. For the following reasons, the judgment of the trial court is reversed.
 {¶ 2} Appellant Ronald H., Sr. sets forth the following assignment of error:
 {¶ 3} "The trial court erred in granting the agency permanent custody where neither minor child was adjudicated as being dependent, neglected or abused. (In the matter of Racaris H.,
dob 12/23/04, JC 05140173, August 16, 2005 Journal Entry and Inthe matter of Ronald H., dob 11/8/93, JC 05141403, August 16, 2005 Journal Entry)"
 {¶ 4} Appellant Melinda F. sets forth the following as her assignments of error:
 {¶ 5} "In a permanent custody trial, does clear and convincing evidence support the court's ruling of permanent custody, and have due process requirements been met?
 {¶ 6} "In a permanent custody case, has procedural due process been observed where the children were not found to be dependent pursuant to the adjudication until after the date of the judgment entry terminating parental rights?"
 {¶ 7} Appellants have been involved with Lucas County Children Services ("LCCS") since 1996. On December 30, 2005, this court affirmed the trial court's judgment granting permanent custody of appellants' three children to LCCS. In the matter of:Malaya H., Monica H. and Romael Dorian H., 6th Dist. No. L-05-1005, 2005-Ohio-7010. At that time, appellants' oldest son Ronald H., Jr., was in the legal custody of another individual.
 {¶ 8} On April 6, 2005, LCCS filed a "Complaint in Dependency: Permanent Custody, Motion for Shelter Care Hearing and for Reasonable Efforts By-pass" regarding appellants' child Racaris, born December 23, 2004. On May 31, 2005, the agency filed an identical motion as to Ronald Jr. On June 14, 2005, both cases proceeded to adjudication. Judgment entries filed August 16, 2005 as to both children contain findings of fact pursuant to evidence produced at the adjudication hearing, but neither entry contains conclusions of law finding the children to be dependent, neglected or abused.
 {¶ 9} The matter proceeded to disposition as to both children on August 30, 2005. Additional evidence was heard on September 23, October 28 and 31, and November 7 and 15, 2005. By judgment entry filed December 28, 2005, the trial court found that there was clear and convincing evidence the children could not and should not be placed with either parent within a reasonable period of time and that an award of permanent custody to LCCS would be in their best interest. Permanent custody of both children was awarded to the agency.
 {¶ 10} On January 27, 2006, counsel for both parents filed a notice of appeal. The record reflects that on February 10, 2006, LCCS filed a "Motion for Nunc Pro Tunc" stating: "LCCSB asks that the Judgment Entry be amended to include the finding of dependency from the adjudication. This was inadvertently omitted from the journal entry. Wherefore, LCCS requests the court nunc pro tunc its order of August 16, 2005 and include that Ronald[H.] is found to be a dependent child." (Emphasis added.) On February 15, 2006, the trial court issued the following order: "This order is to Nunc Pro Tunc the Journal Entry of this Court filed August 16, 2005. This order is corrected to include the finding that Ronald [H.] is adjudicated to be a dependent child. All other portions of the Judgment Entry from August 16, 2005 remain unchanged." (Emphasis added.)
 {¶ 11} The agency's motion and the trial court's order were filed as to Ronald only. No motion was filed or a nunc pro tunc order issued as to Racaris.
 {¶ 12} On appeal, both parents assert the trial court erred by issuing the nunc pro tunc after their notice of appeal was filed. Appellants correctly note that the trial court failed to make a finding in its journal entries from the adjudication hearing that either child was dependent, neglected or abused. Both journal entries contain eight paragraphs of findings of fact and then conclude with the judge's signature. Appellants argue, again correctly, that since no such finding is reflected in the journal entries following adjudication, the trial court was not authorized to make any disposition with regard to the children. R.C. 2151.353(A) provides: "If a child is adjudicated an abused,neglected, or dependent child, the court may make any of the following orders of disposition * * *." (Emphasis added.)
 {¶ 13} Having established that the trial court improperly entered the dispositional orders when it had failed to make an adjudicatory finding as to either child, we must now consider whether the nunc pro tunc corrected the error.
 {¶ 14} Appellee LCCS argues that the trial court's failure to enter findings as to either child following the adjudication hearing was remedied by the nunc pro tunc order. However, there are two problems with the agency's argument. The first and most obvious is that the nunc pro tunc order was as to Ronald only. Therefore, the record before us still contains no adjudicatory finding as to Racaris. The second problem is the possibility that the nunc pro tunc was not properly issued as to Ronald.
 {¶ 15} The purpose of a nunc pro tunc entry is to place upon the record evidence of judicial action which has actually been taken. App.R. 9(E) allows a trial court, after a record is transmitted to the court of appeals, to correct or modify its record. Thus, the timing of the nunc pro tunc entry is not problematic. However, a court may not by way of a nunc pro tunc entry place in the record an order or finding which it intended or might have made but which in fact was not made. McGowan v.Giles (Mar. 16, 2000), 8th Dist. No. 76332; Doe v. CatholicDiocese of Cleveland, et al., 158 Ohio App.3d 49,2004 Ohio 3470.
 {¶ 16} The docket sheets for each child indicate a finding of dependency after the adjudication hearing. However, a court speaks only through its journal, not through its computer-generated docket sheet. See Anderson v. Garrick (Oct. 12, 1995), 8th Dist. No. 68244. This situation is further clouded by the fact that the record before us does not contain a transcript from the adjudication hearing.
 {¶ 17} Thus, while there is authority for a trial court entering a nunc pro tunc even after the notice of appeal has been filed, without a transcript of the adjudication hearing we cannot say that the finding of dependency as to either child was actually made.
 {¶ 18} Based on the foregoing, this court finds that because the record does not reflect a finding of dependency as to either Racaris or Ronald, the trial court erred by proceeding to disposition and awarding permanent custody of the children to LCCS in its December 28, 2005 judgment entry. Therefore, the sole assignment of error of appellant Ronald H., Sr. and the second assignment of error of appellant Melinda F. are well-taken. Accordingly, this court need not consider the first assignment of error of appellant Melinda F. as this matter must be remanded to the trial court for further proceedings.
 {¶ 19} On consideration whereof, this court finds that substantial justice was not done the parties complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed and remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.